IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11481
Conference Calendar
_____

CLIFFORD D. SIMS,

Plaintiff-Appellant,

versus

CHARLIE SMITH, Sheriff, Lynn County Jail;
MIGUEL REYNA, Jail Administrator, Lynn County Jail;
JASON McMILLAN, Jailer, Lynn County Jail;
BOBBY JORDAN, Ex-Jail Administrator, Lynn County Jail,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:98-CV-191
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Clifford D. Sims, Texas prisoner #830977, appeals from the
dismissal of his civil rights action as frivolous.  Sims contends
that his constitutional rights were violated because he was left
alone with another prisoner; that his rights were violated by his
punishment after he drank three beers on work release while a
prisoner who possessed marijuana received a lesser penalty; that
a jailer deprived him of adequate medical care by depriving him

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of skin cream for four hours; that the conditions of his confinement were unconstitutional because the dayroom toilet was backed up with feces for eight days; and that jail policy unconstitutionally deprived him and other prisoners of medical care on the basis of indigency.

Sims did not allege any physical injury arising from being left alone with the other prisoner, being deprived of skin cream for four hours, or being exposed to feces in the dayroom toilet. Sims stated no nonfrivolous claims for damages regarding those incidents. 42 U.S.C. § 1997e(e). Regarding his punishment for drinking beer while on work release, Sims has not shown that his jailers distinguished between two relevant groups or that any fundamental right was at stake, as he must do to show an Equal Protection Clause violation. *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988). Finally, Sims has failed to brief his contention that jail policy deprived him and other prisoners of medical care on the basis of indigency. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Sims's appeal is without arguable merit and is frivolous. Accordingly, the appeal is DISMISSED. 5TH CIR. R. 42.2. The dismissal of Sims's action by the district court counts as a strike and the dismissal of this appeal as frivolous counts as a second strike for purposes of 28 U.S.C. § 1915(g). We caution Sims that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; WARNING ISSUED.